**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BRANDYN T. GREEN,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW D. WOLLEIN, et al.,<br><br>Defendants. | Civil Action No.: JRR-26-2186 |

**MEMORANDUM ORDER**

Plaintiff Brandyn T. Green, currently incarcerated at Roxbury Correctional Institution, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Green appears indigent, his request to proceed without pre-payment of the filing fee is granted. The Complaint, as supplemented, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. § 1915(e)(2)(B) and 1915A criteria.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of Green's Complaint. The Court must dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). Here, Green sues two police officers, Andrew Wallein and Dondre Phillips, as well as Assistant State's Attorney Karen Gross. ECF No. 1 at 2-3. He claims that each Defendant either gave false testimony or presented falsified evidence in his criminal case before the Circuit Court for Howard County, Maryland. *Id.* at 4. As such, Green asserts he has been wrongfully convicted and sentenced. *Id.* He seeks damages and requests his conviction be overturned. *Id.* at 5.

Green's Complaint must be dismissed because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned; and complaints containing such claims must therefore be dismissed without prejudice. *Id.* at 486–87. The Supreme Court affirmed this principle in *Muhammad v. Close*, 540 U.S. 749, 751 (2004), holding that where "success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad*, 540 U.S. at 751. Here, Green was convicted of various theft and burglary charges in Case No. C-13-CR-23-000471 (Howard Cnty. Cir. Ct.).[1] The docket shows that Green's appeal is currently pending before the Appellate Court of Maryland. *See id.* As his conviction has not been overturned or otherwise invalidated, Green's § 1983 claims must be dismissed. Because Green's Complaint must be dismissed, his pending Motions to Include a Fourth Defendant (ECF No. 4) and for Pro Bono Attorney Services Assistance (ECF No. 6) will be denied.

Green also requests forms so that he may raise claims against Defendants pursuant to 18 U.S.C. § 241 and § 242. ECF No. 1-1 at 2-3. However, these are federal criminal statutes and Green does not have a legal interest in the prosecution of others. The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 F. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012) *aff'd* Civ. No. 12-

[1] *See* Maryland Judiciary Case Search, https://casesearch.courts.state.md.us/casesearch/ (last visited Oct. 19, 2026).

5198, 2012 WL6603088 (D.C. Cir. Dec. 6, 2012), *cert denied*, 133 S.Ct. 1263 Mem 2013); *Speight v. Meehan*, No. CIV A 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008). As such, Green cannot personally pursue the criminal prosecution of the Defendants.

Accordingly, it is this 19th day of October, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED without prejudice;
2. Green's Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;
3. Green's Motion to Include Fourth Defendant (ECF No. 4) IS DENIED;
4. Green's Motion for Pro Bono Attorney Services Assistance (ECF No. 6) IS DENIED;
5. The Clerk SHALL PROVIDE a copy of this Memorandum Order to Green; and
6. The Clerk SHALL CLOSE this case.

/S/

Julie R. Rubin
United States District Judge